**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM FIELDER, | ) | CASE NO. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE _____ |
| v. | ) | |
| | ) | |
| PENN STATION, INC., et al. | ) | **NOTICE OF REMOVAL** |
| | ) | |
| Defendants. | ) | |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF OHIO:

PLEASE TAKE NOTICE THAT Defendant Penn Station, Inc., by its attorneys, hereby

removes this action from the Cuyahoga County Court of Common Pleas to the United States

District Court for the Northern District of Ohio, pursuant to 28 U.S.C. §§ 1332, 1441(a), 1446

and 1453.  In support of this Notice of Removal, Penn Station, Inc. states as follows:

1.      On July 6, 2012, a civil action captioned *William Fielder v. Penn Station, Inc.*, *et*

*al.*, was commenced in the Cuyahoga County Court of Common Pleas.  Pursuant to 28 U.S.C. §

1446(a), Penn Station, Inc. has attached copies of all process, pleadings and orders served on it in

the above-referenced action as Exhibit 1 to this Notice of Removal.

2.      Penn Station, Inc. was not served with the Summons and Complaint in this case

until July 26, 2012.  According to the docket for the Cuyahoga County Court of Common Pleas,

Defendant Heartland Payment Systems was served on July 27, 2012.  Penn Station, Inc. therefore

is filing this Notice of Removal within 30 days of the date of service.  *See* 28 U.S.C. § 1446(b).

3.      By filing this Notice of Removal, Penn Station, Inc. does not waive any defenses to the claims asserted by Plaintiff, concede that Plaintiff has pleaded any claim upon which relief can be granted or may ultimately recover on any of his claims, concede that Plaintiff has sustained a cognizable injury or identified a class of injured persons who have standing to sue, or concede that this case should be certified as a class action. Penn Station, Inc. disputes Plaintiff's individual and putative class claims.  By filing this Notice of Removal, Penn Station, Inc. submits only that the nature and scope of Plaintiff's putative class claims demonstrate that this Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and that removal therefore is proper under 28 U.S.C. § 1453.

4.      Penn Station, Inc. further represents that this Notice of Removal will be served on Plaintiff's counsel and a copy will be filed with the Clerk of Courts of the Cuyahoga County Court of Common Pleas.

5.      Venue is proper in this District and in this Division pursuant to 28 U.S.C. § 1441(a).

**JURISDICTION AND BASIS FOR REMOVAL**

6.      This case is properly removed to this Court because this Court has subject-matter jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d).  Plaintiff purports to bring this case on behalf of a putative class defined to include all persons who "were customers of Penn Station stores from February 1, 2012 through June 1, 2012 and completed a credit card or debit card transaction with Defendants."  Complaint ¶ 16.  Plaintiff alleges that the putative class numbers "tens of thousands of people"  *Id*., Introduction, p.2.  Accordingly, this case is brought as a "class action" within the meaning of 28 U.S.C. § 1332(d)(1)(B).  *See also* 28 U.S.C. § 1332(d)(5)(B).

-2-

### A. SUFFICIENT DIVERSITY OF CITIZENSHIP

7.     The Complaint names as defendants Penn Station, Inc. and Heartland Payment Systems, Inc. ("Heartland").  *See* Complaint ¶¶ 2-3.  The citizenship of a corporation is determined by the state in which it has been incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Penn Station, Inc. is an Ohio corporation with its principal place of business in Ohio.  Complaint ¶ 2.  Upon information and belief, Heartland is a Delaware corporation with its principal place of business in New Jersey.  *Id.* ¶ 3.  At least one of the named defendants therefore is a citizen of a state other than Ohio under CAFA.

8.     None of the named defendants is a State, State official, or other governmental entity against whom this Court may be foreclosed from ordering relief.  See 28 U.S.C. § 1332(d)(5)(A).

9.     Plaintiff William Fielder is alleged to be a resident of the State of Ohio.  *See* Complaint ¶1. In addition, the Complaint makes clear that the putative class would include every person who made a debit or credit card purchase at "Penn Station stores," including stores located outside Ohio, during the specified class period.  *See* Complaint ¶¶ 16-19.  As of June 1, 2012, there were 238 Penn Station East Coast Subs stores in 13 different states – Kansas, Missouri, Illinois, Indiana, Michigan, Kentucky, Tennessee, Ohio, Pennsylvania, West Virginia, Virginia, North Carolina, and South Carolina.  *See* Declaration of Craig N. Dunaway ¶ 4 (attached as Exhibit 2).  Accordingly, upon information and belief, in this case some members of the putative class are and would be citizens of states different from defendants, within the meaning of 28 U.S.C. § 1332(d)(2)(A).

B. <u>SUFFICIENT AMOUNT IN CONTROVERSY</u>

10.     Plaintiff alleges that he made a purchase at a Penn Station East Coast Subs store in Rocky River, Ohio and paid for his purchase using a credit or debit card.  *See* Complaint  ¶¶ 6, 8.  He alleges that he was injured when an unknown criminal invaded defendants' computer systems and took certain credit and debit card information, including information about Plaintiff's debit or credit card.  *Id.* ¶¶ 11-13.  On behalf of the putative class, Plaintiff asserts claims for common law negligence and breach of contract against both defendants and a second breach of contract claim against Heartland.  *See id.* ¶¶ 27-47.

11.     Plaintiff seeks damages for "unauthorized access to [the putative class'] bank account or credit or debit card information; loss of money due to said unauthorized access; expenses for credit monitoring; a need to obtain credit monitoring and/or repair; anxiety, emotional distress, loss or privacy, and other economic and non-economic harm."  Complaint ¶ 32.  In his prayer for relief, Plaintiff requests "credit monitoring services furnished or paid for by Defendants and for the benefit of the Plaintiff and each member of the class for a time not less than 24 (twenty-four) months from the date of judgment."  *Id.* ¶ 51.

12.     A preponderance of the evidence establishes that the aggregate "matter in controversy" raised by the putative class claims in this case exceeds the "sum or value of $5,000,000." 28 U.S.C. §§ 1332(d)(2), 1332(d)(6).

a.  The putative class is defined to include all individuals who "were customers at Penn Station stores from February 1, 2012 through June 1, 2012 and completed a credit card or debit card transaction with Defendants."  Plaintiff himself alleges that the class will consist of "tens of thousands" of individuals.  Complaint, at 2.

b.  As of June 1, 2012, there were 238 Penn Station East Coast Subs locations, which the Complaint refers to as "Penn Station stores."  *See* Dunaway Declaration ¶ 4.  The Rocky River, Ohio store at which Plaintiff alleges he made his purchase, Complaint ¶ 6, is owned and operated by an separate and independent franchisee pursuant to a franchise agreement with Penn Station, Inc.  *See* Dunaway Declaration ¶ 5.  Of the 238 Penn Station East Coast Subs stores that were in operation as of June 1, 2012, 236 were owned and operated by entities that are separate and independent from Penn Station, Inc., and two were owned by Penn Station, Inc.  *Id.* ¶ 5.

c.  Heartland has determined that, during the period February 1, 2012 through June 1, 2012, Heartland processed transactions made at Penn Station East Coast Subs locations involving more than 1.4 million unique credit cards and debit cards.  Declaration of Lois Ault ¶ 3 (attached as Exhibit 3).  Penn Station, Inc. therefore submits that the membership of the putative class defined by Plaintiff likely would exceed 1 million individuals.

d.  Plaintiff specifically seeks "credit monitoring services" for the putative class members for a period of no less than twenty-four (24) months.  *See* Complaint ¶ 51. A review of publicly available information about the cost of credit monitoring services demonstrates that the retail cost of commercial credit monitoring services ranges from $6.99 to $24.00 per month, and therefore the cost of providing such services for two years would range from approximately $168 to $576 per class member.  *See* Dunaway Declaration ¶¶ 6-7.

13.    The cost of providing credit monitoring services for a two-year period for a class of 1 million individuals would exceed the $5 million threshold matter in controversy requirement

established by CAFA, 28 U.S.C. §§ 1332(d)(2), 1332(d)(6), even if Defendants were able to secure credit monitoring services at a 90 percent discount from the retail price of such services.

14.     In addition to the credit monitoring relief sought by Plaintiff, the Complaint also requests compensatory damages and punitive damages.  Such damages, when aggregated with the cost of the credit monitoring relief sought by Plaintiff, would further increase the matter in controversy raised by Plaintiff's Complaint to an amount that would exceed the sum or value of $5 million.  28 U.S.C. §§ 1332(d)(2), 1332(d)(6).

<u>PLAINTIFF'S ATTEMPT TO AVOID CAFA JURISDICTION FAILS</u>

15.     Plaintiff clearly recognizes that this case falls within the scope of jurisdiction conferred on federal courts by CAFA, because he mentions CAFA by name and specifically attempts to avoid federal jurisdiction through certain allegations in his Complaint.  *See* Complaint ¶ 25.  The Complaint therefore states:

> The entire matter in controversy in this action does not exceed the sum or value of $5,000,000 because (a) the named Plaintiff, on behalf of himself and the class members who do not opt out, hereby irrevocably disclaims any amount greater than $5,000,000, (b) the named Plaintiff, on behalf of himself and the class members who do not opt out, hereby irrevocably enters into an irrevocable stipulation of remittitur such that, regardless of whatever amount may be awarded to himself and the class, all but $5,000,000 of such amount shall be remitted, and (c) the named Plaintiff, on behalf of himself and the class members who do not opt out, hereby irrevocably disclaims the operation of Ohio Rule of Civil Procedure 54(C) to the extent such operation would permit or otherwise allow a recovery herein greater than $5,000,000 for any relief to himself or the class.

Complaint ¶ 26; *see also id.* ¶¶ 25, 53.

16.     Plaintiff's attempt to avoid CAFA jurisdiction through the unsworn allegations of an unverified complaint is inoperative and does not prevent Penn Station, Inc.'s removal of this case or this Court's assertion of jurisdiction under CAFA.   Pursuant to Rule 8, Rule 15, and Rule 23 of the Ohio Rules of Civil Procedure, the allegations of Plaintiff's Complaint are not

binding or conclusive and the allegations purporting to limit the aggregate amount of damages of putative class members are not binding or conclusive for several reasons, including the fact that the claims of putative class members may not be compromised without court approval, which has not been obtained in this case.  In addition, Penn Station, Inc. notes that Plaintiff and his attorneys have not submitted separate, sworn, binding stipulations.

17.     Under such circumstances, Penn Station, Inc. is entitled to remove this action to federal court as a result of its demonstration, by a preponderance of evidence, that aggregated claims of the individual class members in the putative class defined by the Complaint exceeds the sum or value of $5 million, exclusive of interest and costs.  *See Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407-08 (6th Cir. 2007).

<u>**CONCLUSION**</u>

BASED ON THE FOREGOING, Defendant Penn Station, Inc. hereby removes the above-captioned action, now pending in the Cuyahoga County Court of Common Pleas, to the United States District Court for the Northern District of Ohio.

Respectfully submitted,

*/s/ Marcel C. Duhamel*
Robert N. Webner (0029984)
Martha C. Brewer (0083788)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, Ohio  43215
Telephone: (614) 464-8243
Fax:  (614) 719-5083
Email:  rnwebner@vorys.com

Marcel C. Duhamel (0062171)
VORYS, SATER, SEYMOUR AND PEASE LLP
1375 East Ninth Street
2100 One Cleveland Center
Cleveland, OH 44114-1724
Telephone:  (216) 479-6112

Fax:  (216) 937-3722
Email:  mcduhamel@vorys.com

*Attorneys for Defendant Penn Station, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing ***Notice of Removal*** was served regular U.S. mail, first-class postage prepaid, on this 23rd day of August, 2012, on all parties which have registered with the court.

*/s/ Marcel C. Duhamel*         
*One of the Attorneys for Defendant*
*Penn Station, Inc.*

8/23/2012 14410686