UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **WILLIAM FIELDER,** | ) | **CASE NO.1:12CV2166** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **PENN STATION, INC.,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff William Fielder's Motion to Remand (ECF # 15).  For the following reasons, the Court denies Plaintiff's Motion.

On July 6, 2012, Plaintiff filed this action in Cuyahoga County Court of Common Pleas alleging class claims for negligence, and breach of contract for injuries sustained by Plaintiff after he used his credit card to make a purchase from Defendant.  According to Plaintiff's Complaint, Plaintiff made a purchase at a Penn Station, Inc. shop located in Rocky River, Ohio on March 30, 2012, using his credit card.  Defendant Heartland Payment Systems, Inc. processes credit card purchases for Penn Station, Inc.  Plaintiff alleges that, as a result of Defendants' negligence and/or breach of contract, Plaintiff's credit card information ended up in the hands of

1

a third party, causing Plaintiff and the proposed class injury.  Plaintiff's Complaint describes the proposed class as Plaintiff and "all other persons similarly situated ...who were customers of Penn Station stores from February 1, 2012 through June 1, 2012 and completed a credit card or debit card transaction with Defendants." (Complaint at para 16).   Plaintiff seeks compensatory damages, punitive damages and two years of credit monitoring services for each class member.

On August 23, 2012, Defendants removed the case from state court to this Court based on their argument that the Class Action Fairness Act ("CAFA") 28 U.S.C. §1332(d) governs this case and confers federal jurisdiction over Plaintiff's claims.  As part of their argument for removal, Defendants contend the amount in controversy exceeds $5 million.

CAFA's jurisdictional provision, as codified in 28 U.S.C. 1332(d), "confers federal jurisdiction over class actions in which the matter in controversy exceeds $5 million, there is minimal diversity of citizenship, and the proposed class includes at least one hundred members." *In re Mortgage Electronic Registration Systems, Inc*. 680 F.3d 849, 853 (6th Cir. 2012).   "A party seeking a federal venue by virtue of removal must establish the jurisdictional requirements of that venue. (Internal citation omitted).  CAFA does not alter the fact that 'the removing defendant has the burden of demonstrating, by a preponderance of the evidence, that the amount in controversy requirement has been met.'"  *Smith v. Nationwide Property and Cas. Ins. Co.* 505 F.3d 401, 404 (6th Cir. 2007) quoting *Brown v. Jackson Hewitt, Inc.,* No. 1:06-cv-2632, 2007 WL 642011, *2 (N. D. Ohio 2007).

The parties do not dispute that the potential class includes at least one hundred members, nor do they dispute minimal diversity is present.  Plaintiff argues solely that Defendants cannot meet their burden to show that it is more likely than not that the amount in controversy exceeds

$5 million. According to Plaintiff, Defendants argument that the amount in controversy exceeds $5 million is based on mere speculation and conjecture because Defendants assume, without evidence, that every customer who used a credit or debit card during the class period as defined in Plaintiff's Complaint is a member of the class. Plaintiff further contends Defendants have failed to offer evidence that all of their stores were affected by the alleged breach and have failed to offer evidence that the breach was continuous for the entire time of the alleged class period of February 1, 2012 through June 1, 2012.

Defendants offer the declaration of Lois Ault, Senior Compliance Analyst with Heartland, who states that from February 1, 2012 through June 1, 2012 (the proposed class period alleged by Plaintiff) Heartland processed 1.4 million unique credit and debit card transactions made at Penn Station locations.

Defendants further offer the declaration of Craig N. Dunaway, President of Penn Station, Inc. who states that he reviewed the cost of credit monitoring services and they range from $6.99 to $24.00 per month. Based on his calculations, the cost per individual class member for a two year period of monitoring, as requested by Plaintiff, would result in $168 to $576 cost per class member.

Plaintiff offers no affidavit, declaration or other competent evidence challenging the above declarations of Defendants. Instead, Plaintiff attaches a newspaper article dated June 7, 2012 wherein Penn Station represented that 59 of its 238 stores may have been affected by a data breach. Plaintiff contends that this representation demonstrates that the amount in controversy is considerably smaller than that alleged by Defendants.

## ANALYSIS

Defendants may meet their evidentiary burden to show the jurisdictional amount in controversy:

> by contentions, interrogatories or admissions in state court; **by calculation from the complaint's allegations**[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands.

*Frederick v. Hartford Underwriters Ins. Co.,* 683 F.3d 1242, 1247 (10th Cir. 2012).

"In considering a motion for remand, '[t]he question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties.'" *Cowit v. CitiMortgage, Inc.* No. 1:12CV869, 2013 WL 142893, *5 (S.D.Ohio 2013) quoting *Brill v. Countrywide Home Loans,* 427 F.3d, 446, 448 (7th Cir.2005).  See also *Schiller v. David's Bridal, Inc.,* No. 1:10cv616, 2012 U.S. Dist. LEXIS 80776, at *6, 2010 WL 2793650 (E.D.Cal. July 14, 2010) ("amount in controversy is determined by universe of what the plaintiff puts at-issue in the complaint").  "Defendant need not admit liability in order to remove.  Rather, Defendant is entitled to rely on the allegations in the Complaint..." *Cowit* at *6.

Plaintiff's own class description describes the putative class as "customers of Penn Station stores from February 1, 2012 through June 1, 2012 and completed a credit card or debit card transaction with Defendants..."  Based on this description or "universe," Defendants produced unrefuted evidence that the class size, based on unique credit and debit card purchases, is over 1 million persons.  Furthermore, based on the relief sought by Plaintiff of credit monitoring services for a two year period, Defendants again produced competent, unrefuted evidence that the costs of such services ranges from $168 to $576 per class member.  Therefore, Defendants have easily met their burden to show the amount in controversy exceeds $5 million

and the Court denies Plaintiff's Motion to Remand.

In light of denying Plaintiff's Motion to Remand and to comply with the Court's Order of October 3, 2012, the parties shall submit, no later than May 13, 2013, a joint briefing schedule on the pending Motions to Dismiss.

IT IS SO ORDERED.

                                              s/ Christopher A. Boyko
                                              CHRISTOPHER A. BOYKO
                                              United States District Judge

Dated:  May 3, 2013